UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID CARMINE LETTIERI,

                    Plaintiff,

        v.

THE BROOME COUNTY HUMANE
SOCIETY, DEPARTMENT OF JUSTICE,
and FEDERAL BUREAU OF
INVESTIGATION,

                    Defendants.

**MEMORANDUM & ORDER**
23-CV-07777 (HG) (MMH)

DAVID CARMINE LETTIERI,

                    Plaintiff,

        v.

JAMES QUINN AURICCHIO, MICHAEL J.
ROEMER, LAWRENCE JOSEPH VILARDO,
and PAUL E. BONANNO,

                    Defendants.

23-CV-07830 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

The Court previously dismissed without prejudice these two lawsuits filed by Plaintiff,

who is incarcerated in a county jail in the Western District of New York while awaiting

sentencing for a conviction of enticement of a minor in violation of 18 U.S.C. § 2422(b).  *See*

*United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023)

(denying plaintiff's post-trial motions for judgment of acquittal or for a new trial).  The Court

dismissed both of these cases, pursuant to the three-strikes rule in 28 U.S.C. § 1915(g), because

Plaintiff sought *in forma pauperis* status but had already brought three lawsuits that had been

dismissed *sua sponte* as frivolous or for failure to state a claim.  Plaintiff has responded by filing, in both cases, motions for reconsideration and, alternatively, notices of appeal.

The Court denies Plaintiff's motions for reconsideration.  Plaintiff incorrectly argues that the prison mailbox rule means that each of these two cases was deemed filed before he received the third dismissal relied upon by the Court to invoke the three-strikes rule.  But when Plaintiff signed each of the complaints in these two cases, he dated them September 25 and 26, respectively, so those are the earliest dates that he could have delivered them to the authorities where he is incarcerated to be mailed to the Court.  The latest of the dismissals in Plaintiff's prior cases relied upon by the Court—*i.e.*, his third strike—came in a decision dated September 21, 2023, and a judgment was entered the same day.  Therefore, Plaintiff had accumulated three strikes before he delivered either of his complaints in these two cases to authorities at the facility where he is incarcerated.  Plaintiff's confidence that at least one of those decisions will be overturned on appeal does not prevent him from having accumulated three strikes.  The Supreme Court has held that, when counting whether a plaintiff has received three strikes, "the courts must count [a] dismissal even though it remains pending on appeal."  *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).  Plaintiff has not cured his ineligibility for *in forma pauperis* status by paying the Court's filing fee, so the Court's dismissal of these two cases based on the three-strikes rule still stands.

In each motion for reconsideration, Plaintiff attempts to argue why venue would be proper in this District.  For example, he argues that the dog that the Broome County Humane Society allegedly stole from a relative at a location in the Northern District of New York previously lived most of its life in Queens County.  He also asserts that the judges and attorneys involved with his criminal trial in the Western District of New York were part of a wide-ranging "RICO conspiracy," but he provides no explanation as to how some aspect of that alleged

2

conspiracy supposedly took place in this District.  The Court does not find either of these two

venue arguments to be valid.  But even if Plaintiff's attempts to demonstrate proper venue in this

District were successful, the Court still would not reconsider the dismissal of Plaintiff's cases

because showing that venue is proper would not fix Plaintiff's ineligibility for *in forma pauperis*

status and his failure to pay the filing fees to commence these two cases.

## CONCLUSION

For the reasons set forth above, Plaintiff's motions for reconsideration are denied.

Plaintiff's cases remain dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  The Clerk

of Court is respectfully directed to mail a copy of this order to Plaintiff.  Since Plaintiff filed

notices of appeal concurrently with his motions for reconsideration, those notices of appeal

become effective as of the date of this order denying the motions.  *See* Fed. R. App. P.

4(a)(4)(B)(i).  However, Plaintiff must either pay the $505.00 appellate filing fee for each case or

obtain from the Second Circuit leave to appeal *in forma pauperis* because the Court reiterates its

prior holding that any appeals from the Court's prior dismissal order, or this order denying

Plaintiff's motions for reconsideration, would not be taken in good faith, and the Court therefore

denies *in forma pauperis* status for the purpose of any appeal.  *Coppedge v. United States*, 369

U.S. 438, 444–45 (1962).  Alternatively, since the Court's dismissal of these cases is without

prejudice, Plaintiff may commence these lawsuits by filing new complaints in a district where

venue would be proper and by paying that district's filing fee.

SO ORDERED.

 */s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      November 17, 2023